Query    Reports    Utilities    Help    What's New    Log Out

Termed

# U.S. District Court
## Northern District of Ohio (Cleveland)
## CRIMINAL DOCKET FOR CASE #: 1:22-mj-02114-KBB All Defendants

Case title: USA v. Price                          Date Filed: 05/25/2022

                                                  Date Terminated: 07/07/2022

---

Assigned to: Magistrate Judge Kathleen B. Burke

**Defendant (1)**

**Randy Price**                    represented by    **Federal Public Defender**
*TERMINATED: 07/07/2022*                            Office of the Federal Public Defender -
                                                    Cleveland
                                                    Northern District of Ohio
                                                    750 Skylight Office Tower
                                                    1660 West Second Street
                                                    Cleveland, OH 44113
                                                    216-522-4856
                                                    Email: christine_sason@fd.org
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Public Defender or*
                                                    *Community Defender Appointment*
                                                    *Bar Status: Govt*

                                                    **Jeffrey B. Lazarus**
                                                    Office of the Federal Public Defender -
                                                    Cleveland
                                                    Northern District of Ohio
                                                    750 Skylight Office Tower
                                                    1660 West Second Street
                                                    Cleveland, OH 44113
                                                    216-522-4856
                                                    Fax: 522-4321
                                                    Email: jeffrey_lazarus@fd.org
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Public Defender or*
                                                    *Community Defender Appointment*
                                                    *Bar Status: Active*

**Query**     **Reports**     **Utilities**     **Help**     **What's New**     **Log Out**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                             **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                   **Disposition**

Southern District West Virginia:
18:922(g)(1), 924(a)(2)- Possession of a
Firearm. 18:922(k) and 924(a)(1)(B)
Possession of a Firearm that had serial
number removed.

---

**Plaintiff**

**United States of America**             represented by   **Scott C. Zarzycki**
                                                       Office of the U.S. Attorney - Cleveland
                                                       Northern District of Ohio
                                                       Ste. 400
                                                       801 Superior Avenue, W
                                                       Cleveland, OH 44113
                                                       216-622-3971
                                                       Fax: 216-522-7358
                                                       Email: scott.zarzycki@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*
                                                       *Bar Status: Govt*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/25/2022 | | Arrest (Rule 40) of Randy Price (1) on 5/24/2022. (P,G) (Entered: 05/25/2022) |
| 05/25/2022 | | Case unsealed as to Randy Price (1) (P,G) (Entered: 05/25/2022) |
| 05/25/2022 | 1 | Rule 40 Warrant received as to Randy Price (1) (Attachments: # 1 Indictment, # 2 Docket Sheet)(P,G) (Entered: 05/25/2022) |

| | | |
|---|---|---|
| | | William H. Baughman Jr.(M,MT) (Entered: 06/01/2022) |
| 06/06/2022 | | **IMPORTANT:** Notice [non-document] as to Randy Price (1). Rule 5 hearing set for 06/02/22 is CANCELLED. Hearing to be rescheduled.(M,MT) (Entered: 06/06/2022) |
| 06/06/2022 | | **IMPORTANT:** Notice [non-document] as to Randy Price (1). Rule 5 hearing set for 06/10/2022 at 11:00 AM by video conference (Cleveland) before Magistrate Judge William H. Baughman, Jr.(M,MT) (Entered: 06/06/2022) |
| 06/09/2022 | | **IMPORTANT:** Notice [non-document] as to Randy Price (1). Rule 5 hearing set for 06/10/2022 is CONTINUED to 02:30 PM by video conference (Cleveland) before Magistrate Judge William H. Baughman, Jr. Please note this is a change in time only.(M,MT) (Entered: 06/09/2022) |
| 06/09/2022 | 2 | FILING ERROR. Filed in incorrect case. **Order** as to Randy Price (1). Upon consideration of the exhibits, other proffered evidence, and arguments presented by counsel, I find probable cause, and accordingly bind this case over to the grand jury for further review. Signed by Magistrate Judge William H. Baughman, Jr., on 06/09/22. (M,MT) Modified on 6/9/2022 (M,MT). (Entered: 06/09/2022) |
| 06/09/2022 | 3 | FILING ERROR. Filed in incorrect case. **Order** of Detention as to Randy Price (1). Signed by Magistrate Judge William H. Baughman, Jr., on 06/09/22. (M,MT) Modified on 6/9/2022 (M,MT). (Entered: 06/09/2022) |
| 06/10/2022 | | **Order** [non-document] Appointing Federal Public Defender for Randy Price. The Federal Public Defender is reminded of counsel's obligation to report significant changes in defendant's employment or financial circumstances sufficient to enable defendant to pay, in whole or in part, for legal representation. CJA Plan, Part IV (D)(2). Magistrate Judge William H. Baughman, Jr., on 06/10/22. (M,MT) (Entered: 06/10/2022) |
| 06/10/2022 | | **Minutes of proceedings** [non-document] Initial Appearance on Rule 5 hearing before Magistrate Judge William H. Baughman, Jr. as Randy Price held on 06/10/22. All parties appeared via video conference. AUSA Scott C. Zarzycki present for the government. Attorney Jeffrey Lazarus present and appointed for the defendant. Defendant consented to participating via video conference, with no objection from defense counsel or government. The Court finds that consent was knowingly and voluntarily made by defendant. Defendant knowingly and voluntarily consented on the record authorizing counsel for defendant to sign any documents needed on behalf of the defendant. Government moves for detention. Defendant requests identity and detention hearing. Detention/Identity Hearing scheduled for 06/16/22 at 12:00 PM Defendant remanded to the custody of the U.S. Marshal. (ECRO: A. Faluski) (PTS: A. Bennett) Time: 15 minutes. (M,MT) (Entered: 06/10/2022) |
| 06/10/2022 | 5 | **Order** regarding use of video conference/teleconferencing as to Randy Price (1). Signed by Magistrate Judge William H. Baughman, Jr., on 06/10/22. (M,MT) (Entered: 06/10/2022) |
| 06/10/2022 | 6 | Temporary **Order** of Detention as to Randy Price (1). Signed by Magistrate Judge William H. Baughman, Jr., on 06/10/22. (M,MT) (Entered: 06/10/2022) |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                      |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | video/tele-conference. AUSA Scott C. Zarzycki present for the government. Attorney Jeffrey B. Lazarus present for the defendant. Defendant consented to participating via video conference, with no objection from defense counsel or government. The Court finds that consent was knowingly and voluntarily made by defendant. Defendant waives the right to an identity hearing. Proffers and arguments were made. Matter of detention taken under advisement (ECRO: B. Laster) (PTS: K. Cabanes) Time: 20 minutes. (M,MT) (Entered: 06/16/2022) |
| 06/16/2022 | 7   | **Order** regarding use of video conference/teleconferencing as to Randy Price (1). Signed by Magistrate Judge William H. Baughman, Jr., on 06/16/22. (M,MT) (Entered: 06/16/2022) |
| 07/06/2022 | 8   | **Motion** for Immediate Ruling by Randy Price (1). (Lazarus, Jeffrey) (Entered: 07/06/2022) |
| 07/07/2022 | 9   | **Order** of Detention as to Randy Price (1). Signed by Magistrate Judge William H. Baughman, Jr., on 07/07/22. (M,MT) (Entered: 07/07/2022) |
| 07/07/2022 |     | **Order** [non-document] granting Defendant's 8 Motion for immediate ruling as to Randy Price (1). Signed by Magistrate Judge William H. Baughman, Jr., on 07/07/22. (M,MT) (Entered: 07/07/2022) |
| 07/07/2022 | 10  | Warrant of Removal to the Southern District of West Virginia Issued as to Randy Price (1) by Magistrate Judge William H. Baughman, Jr. (M,MT) (Entered: 07/07/2022) |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RANDY HOWARD PRICE | ) | Case No. 2:22-cr-00097 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

_Defendant_

COPY

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_ RANDY HOWARD PRICE ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Felon in possession of a firearm; possession of firearm with serial number removed.

Date: 05/03/2022

_Issuing officer's signature_ tr

City and state: CHARLESTON, WV

RORY L. PERRY II, CLERK
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____ |
| _Arresting officer's signature_ |
| _Printed name and title_ |



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2022
MAY 3, 2022 SESSION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:22-cr-000 97
                                      18 U.S.C. § 922(g)(1)
                                      18 U.S.C. § 924(a)(2)
                                      18 U.S.C. § 922(k)
                                      18 U.S.C. § 924(a)(1)(B)

RANDY PRICE

I N D I C T M E N T

The Grand Jury Charges:

COUNT ONE

1.    On or about July 16, 2019, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant RANDY PRICE did knowingly possess a loaded firearm, that is, a .25 caliber Raven Arms MP-25 pistol, in and affecting interstate commerce.

2.    At the time RANDY PRICE possessed the aforesaid firearm, he knew he had been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is:

    a.    Convicted on or about June 28, 2002, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR-01-417799-ZA, for the felony offense of involuntary manslaughter in violation of R.C. 2903.04(A), of the State of Ohio; and

    b.    Convicted on or about June 28, 2002, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR-01-417799-ZA, for the felony offense of aggravated robbery, in violation of R.C. 2911.01, of the State of Ohio.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO

1.    On or about July 16, 2019, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant RANDY PRICE did knowingly possess a loaded firearm, that is, a .25 caliber Raven Arms MP-25 pistol, which had the manufacturer's serial number removed, obliterated, and altered, and which firearm had been shipped and transported in interstate commerce at any time.

2.    At the time defendant RANDY PRICE possessed the aforesaid firearm, he knew the manufacturer's serial number had been removed, obliterated, and altered.

In violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## NOTICE OF FORFEITURE

In accordance with 28 U.S.C. § 2461(c), 18 U.S.C. § 924(d)(1), and Rule 32.2(a) of the Federal Rules of Criminal Procedure and premised upon the conviction of defendant RANDY PRICE of a violation of 18 U.S.C. § 922(g)(1), § 924(a)(2), § 922(k), and § 924(a)(1)(B), as set forth in this Indictment, defendant RANDY PRICE shall forfeit to the United States any firearms and ammunition involved in or used in such firearm offenses, including, but not limited to a .25 caliber Raven Arms MP-25 pistol, with an obliterated serial number, and related ammunition which was seized by law enforcement on or about July 16, 2019.

WILLIAM S. THOMPSON
United States Attorney

By:

NEGAR M. KORDESTANI
Assistant United States Attorney

# United States District Court
## Southern District of West Virginia (Charleston)
## CRIMINAL DOCKET FOR CASE #: 2:22-cr-00097-1

Case title: USA v. Randy Price            Date Filed: 05/03/2022

Assigned to: Judge Joseph R. Goodwin

**Defendant (1)**

**Randy Price**

| **Pending Counts** | **Disposition** |
|---|---|
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (1) | |
| POSSESSION OF DEFACED FIREARM (2) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**United States of America**      represented by    **Negar M. Kordestani**
UNITED STATES ATTORNEY'S
OFFICE
Suite 4000
300 Virginia Street East
Charleston, WV 25301
304-340-7843

Fax: 304/347-5104
Email: negar.kordestani@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: for the United States of*
*America*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2022 | 1 | INDICTMENT as to Randy Price counts 1, 2. (originally filed under seal 05/03/2022; unsealed 00/00/0000). (tmr). (Entered: 05/04/2022) |
| 05/03/2022 | 🔒 2 | INDICTMENT - Unredacted Copy for Court Users Only as to Randy Price. (originally filed under seal 05/03/2022; unsealed 00/00/0000). (tmr) (Entered: 05/04/2022) |
| 05/03/2022 | 🔒 3 | (Court only) DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION as to Randy Price. (originally filed under seal 05/03/2022; unsealed 00/00/0000). (tmr) (Entered: 05/04/2022) |
| 05/03/2022 | | CASE as to Randy Price assigned to Judge Joseph R. Goodwin. (klc) (Entered: 05/04/2022) |
| 05/04/2022 | 🔒🔒 4 | *SEALED* WARRANT ISSUED as to Randy Price. (originally filed under seal 05/03/2022; unsealed 00/00/0000). (tmr) |
| 05/04/2022 | 🔒🔒 5 | *SEALED* SEALED ORDER as to Randy Price; directing that the indictment is sealed and that a bench warrant be issued forthwith for the defendant; upon arrest of the defendant this case shall be unsealed without further order. Signed by Magistrate Judge Dwane L. Tinsley on 5/4/2022. (cc: Judge, USA, USP, USM) (tmr) |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22MJ2119 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| LAVELLE JONES, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

On June 6, 2022, I conducted a preliminary hearing in this case pursuant to Fed. R. Crim. P. 5.1. All parties and counsel consented to conducting this hearing, together with a detention hearing pursuant to 18 U.S.C. § 3142, by videoconference. Assistant United States Attorneys Jason W. White and Kathryn Gaughan Andrachik appeared on behalf of the United States of America, and Scott J. Friedman appeared on behalf of defendant Lavelle Jones. United States Probation & Pretrial Officers Alexander Torres and Kara Cabanes were also present. Upon the conclusion of the hearing, I took the issue of probable cause under advisement.

Upon consideration of the exhibits, other proffered evidence, and arguments presented by counsel, I find probable cause, and accordingly bind this case over to the grand jury for further review.

IT IS SO ORDERED.

Dated: June 9, 2022

s/William H. Baughman Jr.
United States Magistrate Judge

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| LAVELLE JONES | ) | Case No.    1:22MJ2119 |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
            **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

    After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ❏ Prior criminal history
    ❏ Participation in criminal activity while on probation, parole, or supervision
    ❏ History of violence or use of weapons
    ☑ History of alcohol or substance abuse
    ☑ Lack of stable employment
    ❏ Lack of stable residence
    ❏ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
☑ Use of alias(es) or false documents
❏ Background information unknown or unverified
❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant Lavelle Jones has shown himself to be his own worst enemy as to the matter of pretrial detention.  Whether he or someone else in the alleged conspiracy thought it was a good idea to post for everyone (including law enforcement) to see evidence of criminal conduct will perhaps remain an unanswered question.  The exhibits the government amassed, though, are sufficient to demonstrate that it has met its burden in moving for pretrial detention.  It has shown that no condition or combination of conditions will reasonably assure the safety of any other person and the community (by clear and convincing evidence) or reasonaly assure the appearance of Jones as required (by a preponderance of the evidence).  Videos of speeding away from the police or videos simply of speeding down urban and suburban streets in what the government alleges to be stolen high-end muscle cars do not help Jones's argument that he will comply with the conditions of a pretrial bond.  What those videos imply is not just a failure to follow simple traffic laws, but a willingness to put the lives of innocent bystanders needlessly at risk as well.  It also doesn't help Jones's cause--or instill a willingness to trust Jones to comply with bond conditions--to have posted pictures of stacks of money or firearms, again all obtained allegedly through criminal conduct or allegedly the fruits of criminal conduct  Of the factors I must consider in adjudicating the government's motion under 18 U.S.C. Sec. 3142(g), only the absence of a criminal record and Jones's ties to the community weigh in any meaningful way in his favor.  But even those factors are unconvincing here.  I shouldn't expect any 18-year-old defendant to have much if any of a criminal record.  And having lived in the community for his entire life didn't seem to deter him from putting citizens from that community in danger because, for one reason or another, a high-speed joy ride was more fun than complying with the law.  Jones has demonstrated through his own conduct that he cannot be trusted to comply with even the most basic rules of a civil society.  He gave me no reason to believe he would behave any differently just because he got caught.  Accordingly, the government's motion for pretrial detention is granted.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    06/09/2022                                    s/ William H. Baughman, Jr.
_____          _____
                                                                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO. 1:22mj2114 |
| | * | |
| | * | |
| RANDY PRICE | * | |
| | ***** | |

## ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING

In accordance with Standing Order 2020-06, this Court finds:

[✓] That the Defendant has consented to the use of video teleconferencing/

teleconferencing to conduct the proceeding(s) held today, after consultation with counsel;

and

The proceeding(s) held on this date may be conducted by:

[✓] Video Teleconferencing

[ ] Teleconferencing, because video teleconferencing is not reasonably available for the

following reason:

    [ ] The Defendant (or the Juvenile) is detained at a facility lacking video

teleconferencing capability.

    [ ] Other:

_____

_____


Date: 6/10/2022

s/William H. Baughman Jr.
_____
United States Magistrate Judge

AO 470 (Rev. 01/09) Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 1:22mj2114 |
| Randy Price | ) | |
| | ) | |
| *Defendant* | ) | |

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| | |
|---|---|
| Place: 801 West Superior Avenue<br>Cleveland, Ohio 44113 | Courtroom No.: via video |
| | Date and Time: 6/16/22 12:00 pm |

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: 06/10/2022

s/William H. Baughman Jr.

*Judge's signature*

William H. Baughman Jr., United States Magistrate Judge

*Printed name and title*

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA     *
    *
       v.     *     CASE NO. 1:22mj2114
    *
    *
RANDY PRICE     *
    *****

## ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING

       In accordance with Standing Order 2020-06, this Court finds:

[✓]   That the Defendant has consented to the use of video teleconferencing/

teleconferencing to conduct the proceeding(s) held today, after consultation with counsel;

and

The proceeding(s) held on this date may be conducted by:

[✓]   Video Teleconferencing

[ ]   Teleconferencing, because video teleconferencing is not reasonably available for the

following reason:

       [ ] The Defendant (or the Juvenile) is detained at a facility lacking video

teleconferencing capability.

       [ ] Other:

_____

_____


Date: 6/16/2022            s/William H. Baughman Jr.
                                _____
                                United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:22-MJ-2114 |
| | : | |
| Plaintiff, | : | |
| | : | MAGISTRATE JUDGE WILLIAM |
| vs. | : | H. BAUGHMAN JR. |
| | : | |
| RANDY PRICE, | : | **DEFENDANT'S MOTION FOR** |
| | : | **IMMEDIATE RULING** |
| Defendant. | : | |

Defendant, through counsel, respectfully requests this Court issue a ruling on the pending motion for bond. On May 25, 2022, Randy Price was arrested at his home in the Northern District of Ohio. Unbeknownst to Mr. Price, he was indicted within the Southern District of West Virginia on May 3, 2022. That indictment alleges that he illegally possessed a firearm nearly three years ago, on July 16, 2019. Dkt. 1-1, PageID 2. Upon his arrest, Mr. Price was detained at CCA.

A week later, pursuant to Federal Rule of Criminal Procedure 5, Mr. Price had his initial appearance before this Court. The government moved for detention and a detention hearing was scheduled for June 16, 2022. Dkt. 6. At the hearing, the government presented SA Jonathan Weaver, the case agent in the Southern District of West Virginia. The defense proffered exhibits related to the instant offense; specifically, that Mr. Price was originally charged in West Virginia state court for this same alleged crime. The case remained pending for over a year, and the state court ultimately dismissed the case in November of 2020.

The defense also proffered an exhibit related to Mr. Price's medical condition and proffered additional facts related to his medical issues. Specifically, that Mr. Price has severe kidney issues – he had a stent put in one of his kidneys years ago due to kidney stones, however, the kidney stones have grown over the last few years and have crystallized around the stent. This causes him significant pain and he has been urinating blood. The defense proffered that he has been due to have a medical procedure to remove the stent and replace it, but in order to have the procedure he needed to reduce his blood pressure. He has spent the last few months taking blood pressure medications, and is currently within the range to have the procedure. Thus, he requested a bond so he could have the medical procedure.

In summation, Mr. Price contended he was neither a risk of flight nor a danger to the community. He argued the instant offense allegedly occurred over three years ago, and state had dismissed charges related to the same offense more than eighteen months. While he will still need to appear in the Southern District of West Virginia court on the allegations, the amount of time that has lapsed demonstrates he is not a danger to the community. Further, his need for medical treatment is significant and warrants a bond. Mr. Price is receiving no medical treatment at CCA and is in terrible pain; a bond is necessary to provide him the medical relief he desperately needs.

This Court took the motion for bond under consideration and the hearing adjourned. It has been three weeks since the hearing and there has been no ruling. Mr. Price remains at CCA – where he has been for the last six weeks – and continues to be in considerable pain. He respectfully requests this Court issue a ruling on the pending motion for bond. Mr. Price's case will remain in the Northern District of Ohio – and proceedings in the Southern District of West Virginia cannot commence – until the pending motion is resolved. In light of this Court's retirement on July 1st, defense counsel is not clear as to whether this Court remains assigned to this matter. Given such,

if this Court felt reassignment was necessary, then defense counsel would consent to reassignment

so another Magistrate Judge can rule on the pending matter. Either way, Mr. Price requests a ruling

on the pending motion for bond.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856   Fax:(216)522-4321
E-mail: jeffrey_lazarus@fd.org

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# United States District Court
### for the
### Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RANDY PRICE | ) | Case No.   1:22-MJ-02114 |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❏ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

    ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

    ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

    ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

    After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ☑ Prior criminal history
    ☑ Participation in criminal activity while on probation, parole, or supervision
    ☑ History of violence or use of weapons
    ☑ History of alcohol or substance abuse
    ☑ Lack of stable employment
    ❏ Lack of stable residence
    ❏ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

❑ Lack of significant community or family ties to this district
❑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

I grant the motion of defendant Randy Price for an immediate ruling on the government's motion to detain (ECF #8). I also grant the government's motion to detain Price, thereby requiring the U.S. Marshal's Office to transport Price in custody to the Southern District of West Virginia where Price will address the federal indictment against him in Case No. 2:22CR97. At his detention hearing, Price's arguments made sense--but from several perspectives some of which he chose not to mention probably because they undercut his position for release. Price has a point. I can't explain why the federal government waited almost three years to indict him for alleged criminal possession of a firearm. I can't explain why the state prosecutor in West Virginia had to move to dismiss without prejudice the state criminal case against him almost 16 months after the alleged incident because the state waited over a year to present the case to a grand jury. But neither can I explain why Price never addressed an outstanding state warrant from 2021 even though he had almost nine months to do so before the hearing before me. Nor can I explain why Price claims he now needs to be out of jail to address problems he's having with kidney stones when the three-page medical summary he provided indicates that this ailment has been going on for over a year. He claims the necessary medical procedure required him to lower his blood pressure. It seems unusual, though, that doctors would need more than a year to lower a patient's blood pressure to an allowable level so they can conduct a relatively straightforward medical procedure. Despite these unanswered questions, a few things are uncontested that tip the balance heavily in favor of the government's argument that there is no condition or combination of conditions that will reasonably assure Price's appearance as required. His criminal history is cluttered with capiases and violations of terms and conditions of probation and other judicial supervision. The testimony from Officer J.J. Weaver of the Charleston Police Department corroborated Price's penchant for eluding law enforcement and warrants. In short, Price's own uncontested conduct, including his presence in West Virginia at a time when Cuyahoga County was trying to track him down, demonstrates well beyond a preponderance of the evidence that he doesn't obey orders to appear in court to address charges against him or for other reasons. Unfortunately for Price, no portion of the federal statute governing the government's motion for detention allows me to ignore this pattern of eluding the law. Other courts thought Price would obey their orders, and Price proved them wrong. I won't make that same mistake, especially in a case where the evidence weighs heavily against him, the anticipaed sentence if convicted will be severe, and his lengthy criminal history provides a strong motivation to flee.

Furthermore, I instruct the U.S. Marshal's Office to ensure that Price travels with the necessary medications he is currently prescribed for his kidney condition; and to ensure that Price's medical condition with regard to kidney stones and the apparent need for a stent placement and/or exchange be noted on the paperwork that travels with him to West Virginia.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____07/07/2022_____          _____s/ William H. Baughman, Jr._____
                                                                        United States Magistrate Judge

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Randy Price | ) | Case No.  1:22mj2114 |
| | ) | |
| _____ | ) | Charging District's |
| *Defendant* | ) | Case No.  2:22cr97 |

### COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ Southern _____ District of _____ West Virginia _____ ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant: ☑ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

   **IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:  _____ 07/07/2022 _____

_____ s/ William H. Baughman, Jr. _____
*Judge's signature*

_____ William H. Baughman Jr., United States Magistrate Judge _____
*Printed name and title*