UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                            CRIMINAL NO. 2:22-cr-00097

RANDY PRICE

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANTS' STANDARD DISCOVERY REQUESTS, AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Requests entered by the Court in this case on August 9, 2022, the United States of America, by counsel, responds to each of defendants' Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]

**Response:** The defendant made statements to officers of the Charleston Police Department ("CPD"), which are contained in the produced police reports, 1 BWC recording and dash cam footage of CPD Officer R. Boone, and provided a separate recorded interview to CPD officers, which recordings have been produced to defense counsel via hand delivery on August 9, 2022.

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:** *See* Response to Request A above.

**(ii)** The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** *See* Response to Request A above.

**(iii)** The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** Defendant did not testify before the Grand Jury.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:** Not applicable.

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** The United States is providing each Defendant's criminal history which can be found in the report produced at PRICE-000004-PRICE-000056.

**Request E:** Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:** The United States will allow counsel for Defendant to inspect any item of evidence as further listed below deemed appropriate. Counsel should contact AUSA Negar M.

Kordestani as soon as possible to arrange a mutually agreeable time to view the evidence, a copy of which was produced on disc to defense counsel at Defendant's arraignment on August 9, 2022:

| Description | Bates Start | Bates End |
|---|---|---|
| Video of Officer Boone in-car chase and stop of Randy Price's vehicle dated 07/15/19 | No bates | |
| Video of Officer Boone body cam footage of foot chase and detainment of Randy Price dated 07/15/19 | No bates | |
| Video of Randy Price interview dated 07/16/19 | No bates | |
| ATF report cover dated 02/12/20 | PRICE-000001 | |
| Recommendation of prosecution of Randy Price (tab 1) | PRICE-000002 | PRICE-000003 |
| ATF ROI | PRICE-000004 | PRICE-000056 |
| ROI re firearm tests and property status summary reports dated 08/12/19 (tab 3) | PRICE-000057 | PRICE-000059 |
| Ohio Certification of Incarceration dated 08/16/19 by Patricia R. Donithan and fingerprints (tab 4) | PRICE-000060 | PRICE-000065 |
| WVSP Forensic Lab Report re fingerprints dated 08/27/19 by Stephen C. King (tab 5) | PRICE-000066 | PRICE-000067 |
| Ohio Court records (tab 6) | PRICE-000068 | PRICE-000089 |
| ATF report combined – duplicate of cover and tabs 1-6 above) | PRICE-000090 | PRICE-000178 |
| Kanawha County Circuit Court *nolle prosecui* Order | PRICE-000179 | PRICE-000180 |
| Cuyahoga County, OH State Court records | PRICE-000181 | PRICE-000201 |
| WV State Police Forensic laboratory report dated 06/14/22 | PRICE-000202 | PRICE-000204 |

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** At this time, the United States does not intend to introduce any such evidence.

**Request G:** Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]

**Response:** The United States intends to introduce evidence and testimony from ATF Special Agent Jarrod Chittum that he examined the firearm and relied upon his training, experience and ATF resources to conclude the firearm was not manufactured in West Virginia; therefore, it traveled in and affected interstate commerce. Special Agent Chittum's Curriculum Vitae is forthcoming.

**Request H:** Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.

**Response:** The United States is unaware of any favorable evidence other than that may be otherwise provided herein.

**Request I:** Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

**Response:** At this time, the United States does not intend to introduce any 404(b) evidence.

**Request J:** Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:** Not applicable.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** The United States intends to seek judicial notice that Charleston, Kanawha County is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** Not applicable.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

## REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

      Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

                                          Respectfully submitted,

                                          WILLIAM S. THOMPSON
                                          United States Attorney

By:

                                          */s/ Negar M. Kordestani*
                                          NEGAR M. KORDESTANI
                                          Assistant United States Attorney
                                          WV Bar No. 13784
                                          300 Virginia Street, East
                                          Room 4000
                                          Charleston, WV 25301
                                          Telephone: 304-345-2200
                                          Fax: 304-347-5104
                                          Email: Negar.Kordestani@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANTS' STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 16th day of August, 2022 upon all counsel of record.

/s/ Negar M. Kordestani
NEGAR M. KORDESTANI
Assistant United States Attorney
WV Bar No. 13784
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Negar.Kordestani@usdoj.gov