IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                               Case No. 2:22-cr-00097

**RANDY PRICE**

**DEFENDANT'S FIRST MOTION IN LIMINE**

Comes Randy Price, through his counsel, Senior Litigator AFPD Lex A. Coleman, and moves for the Court to order *in limine* that the United States (hereinafter the "government") and its witnesses are prohibited from referring during juror *voir dire*, opening statements, its questioning of witnesses, its witnesses testifying, or otherwise mentioning, introducing, or arguing in the presence of prospective or seated jurors to any of the following evidence and/or facts during defendant's trial:

**1. Prior convictions.** Defendant has been charged with being a felon in possession of a firearm. Defendant has a number of prior Ohio convictions. None of Mr. Price's prior convictions implicate moral turpitude or defendant's propensity to be truthful. None of his prior convictions are relevant to show knowledge, habit, or similar matters permitted by Fed. R. Evid. 404(b). As a consequence, where Mr. Price stipulates before trial that at all times relevant he was a convicted felon, any further reference to the details of his prior convictions at all (much less the nature and circumstances of any such prior conviction) would violate Fed. R. Evid 401 & 402, while being <u>unduly</u> prejudicial to Mr. Price's ability to have a fair trial. Fed. R. Evid. 403. *See Old Chief v. United States*, 519 U.S. 172 (1997).

Defendant submits than any disclosure of the existence, nature and circumstances of his prior convictions will only bias jurors against him, and make them predisposed to convict him, *not* because the government has carried its burden of proof, but because they perceive him to be a bad person. Whatever criminal offenses and convictions Mr. Price may have sustained at other times are not relevant to prove that he is guilty of the charged offenses set out in his indictment.

**2. Rule 404(b) evidence**.  In response to discovery Request I, the government states that "[a]t this time, the United States does not intend to introduce any 404(b) evidence."   Defendant, therefore, submits that the government has now waived any right to attempt to introduce such evidence at trial - such that an *in limine* order should issue to the same effect.

**4. Incident reports**.  Law enforcement incident reports tend to be subjective and contain inadmissible hearsay, see, e.g., *United States v. Lentz*, 282 F.Supp.2d 399 (E.D.Va. 2002), such that they should not be published to the jury or otherwise admitted at trial.  This would apply as to any and all police incident reports prepared in connection with any aspect of Mr. Price's investigation and/or arrest – unless solely used to cross examine and impeach testifying government witnesses.

**5. Police line-up or booking photographs**.  As detailed above, Mr. Price has a criminal history.  To the extent identification is an issue at trial, any testifying witness can identify defendant in open court.  The use or reference to booking photographs of any kind, or the publication of such materials to the jury would further unduly prejudice the defendant without being of any meaningful probative value.

**6. Lay Opinion Testimony of Officers**.  While lay opinion testimony can be admissible in some instances, *see* Fed. R. Evid. 701, defendant does not believe such can be credibly or properly admitted from any of the officers involved in his case.  Accordingly, defendant asks that

such testimony be excluded and the government prohibited from referencing or eliciting such testimony at trial. See, *United States v. Johnson*, 617 F.3d 286 (4th Cir. 2010).

Date: September 12, 2022.    Respectfully submitted,

**RANDY PRICE**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/ Lex A. Coleman**
Lex A. Coleman, WV Bar No. 10484
Senior Litigator, Assistant Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile:   (304) 347-3356
E-mail: lex_coleman@fd.org