IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:22-cr-00097

RANDY PRICE

RESPONSE OF THE UNITED STATES IN RENEWED OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

On October 11, 2022, Defendant Randy Price ("Price") filed yet another "reply" in further support of his originally filed motion to dismiss indictment, which relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  *See* ECF No. 46. The defendant does not dispute any of the facts alleged in the indictment but continues to argue that Count Two, charging him with illegally possessing a firearm in violation of 18 U.S.C. § 922(k), should be held unconstitutional but now offers a recently issued decision in a civil case out of the District of Delaware for further support: *Rigby v. Jennings*, No. CV 21-1523 (MN), 2022 WL 4448220, at *8 (D. Del. Sept. 23, 2022).

In *Rigby*, the district held that the plaintiffs, who were seeking preliminary injunction to enjoin Delaware Attorney General's enforcement of a series of Delaware statutes[1] prohibiting possession of *unfinished* firearm frames and receivers and *untraceable* firearms (or privately manufacture firearms, also more commonly referred to as "ghost guns"), demonstrated likelihood of success on merits of claim that statutes burdened their rights protected by the Second

---

[1] House Bill 125 ("HB 125") amends several statutes in Delaware's criminal code.  *See Rigby*, 2022 WL 4448220, at *2.

Amendment.  *See Rigby*, 2022 WL 4448220, at *8 (*citing* 11 Del. C. § 1459A(b)).[2]  However, the Court noted at the outset of its decision that "*HB 125 also contains regulations that Plaintiffs do not challenge*.  For example, HB 125 makes it a felony to 'knowingly transport, ship, possess or receive *any firearm or firearm frame or receiver* with the knowledge that the importer's or manufacturer's serial number has been removed, obliterated or altered in a manner that has disguised or concealed the identity or origin of the firearm,' with the exception of firearms manufactured prior to 1973."  *Rigby*, 2022 WL 4448220, at *3 (*citing* 11 Del. C. § 1459) (emphasis added).

The statute upon which Price bases his *Bruen* challenge, 18 U.S.C. § 922(k), is more closely analogous to 11 Del. C. § 1459 as that state statute addresses firearms, and not *unfinished* firearm frames and receivers and *untraceable* firearms, which are addressed and were successfully challenged under the recently enacted 11 Del. C. § 1459A.  Therefore, not only is the civil case that Price cites to not binding on this Court, but it is also inapposite and should be disregarded.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:    /s/ Negar M. Kordestani
NEGAR M. KORDESTANI
Assistant United States Attorney
West Virginia Bar No. 13784
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  negar.kordestani@usdoj.gov

---

[2] The Court separately denied the plaintiffs' request for a permanent injunction.  *See Rigby*, 2022 WL 4448220, at *11.

2

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing document has been electronically filed and service

has been made on all counsel of record this the 11th day of October, 2022 upon:

Lex Coleman, AFPD
United States Courthouse, Room 3400
300 Virginia Street East
Charleston, West Virginia 25307

*/s/ Negar M. Kordestani*
NEGAR M. KORDESTANI
Assistant United States Attorney
WV Bar No. 13784
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  negar.kordestani@usdoj.gov