## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:22-cr-00097**

**RANDY PRICE**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Judson C. MacCallum, Assistant United States Attorney, and submits this memorandum in support of the United States' sentencing positions. The United States anticipates that the sentencing hearing should not exceed one (1) hour in length.

### PSR OBJECTIONS

Defendant makes six objections to the PSR. The United States agrees with the probation officer's response and will not address them individually. The objections either do not affect the guidelines and/or are based on counsel's disagreement with settled case law.

### SENTENCING FACTORS

Defendant has as long and violent criminal history. Beginning in 1992, at the age of 19, he pled guilty to attempted aggravated robbery, resulting in a prison sentence of 5-15 years. After spending the better part of his 20s in prison, he was released from parole in October 2001. Quickly reoffending, in December 2001, he pled guilty to involuntary manslaughter and aggravated robbery which included dismissed charges of aggravated

murder and attempted aggravated murder. After years in prison, he was placed on community control which was routinely violated and revoked.

In 2009, while on community control, he pled no contest to assaulting a woman by grabbing her hair, striking her head, and scratching her leg. He was convicted of violating a protective order shortly after that assault conviction.

Undeterred, in 2010, he pled guilty to abduction, attempted felonious assault, domestic violence, and endangering a child. Those convictions contained the startling facts that he blocked a woman and child from leaving a driveway. Then, he held a knife to her throat, pulled her from the car, and checked her phone for evidence that she contacted police.

For this, he shockingly received concurrent sentences and only initially served about 2 years. During those years on community corrections, he pled guilty to separate instances of breaking and entering, thefts, receiving stolen property, and escape. Concerning is that even with the threat of prison while on supervision, defendant engaged in the previously described criminal behavior resulting in extending his prison sentence. Defendant was serving that term of community control when he committed the instant offense.

A downward variance is inappropriate in this case for several reasons. First, Defendant avoided an adjustment for obstruction of justice as discussed in paragraph 24 of the PSR. Here, defendant fled from police resulting in a pursuit that spanned multiple city blocks. A cyclist approached police and explained he was almost hit twice by defendant's fleeing vehicle. An adjustment pursuant to U.S.S.G § 3C1.2 was contemplated by probation, but ultimately not applied for guideline purposes. That conduct is

nonetheless relevant under the sentencing factors of § 3553(a). Such disregard to the safety of others while only focused on his failed efforts to avoid accountability demonstrate the need to protect the public from defendant.

Next, Defendant's criminal history is underrepresented by his criminal history category. Generally, a criminal history category of VI sufficiently captures the scope of someone's lifetime of crime, but in this case it does not. Defendant has 16 criminal history points which would be 19 criminal history points, but for the limiting effects of U.S.S.G § 4A1.1(c). Additionally, the aggravated burglary resulting in his longest prison sentence, as well as a cocaine possession, did not count as points due to their age. That criminal history is correctly unaccounted for criminal history points but accurately demonstrates the history and characteristics of defendant and should be considered as a § 3553(a) factor.

Finally, because defendant has at least three prior violent felony convictions, he would have met the requirements for being an armed career criminal. Such a designation would have devastating consequences, resulting in an offense level of 33 rather than 28. Assuming defendant meets the requirements for acceptance of responsibility prior to imposition of sentence, and applying other elements of 18 U.S.C. § 924(e), that guideline range would have been 180 months to 210 months. Probation correctly determined that § 924(e) does not apply statutorily or for guideline purposes, based on insufficiency in the charging process as dictated by Fourth Circuit caselaw. Nonetheless, the Court should not ignore defendant's violent history which is the precise conduct Congress sought to punish and deter when enacting the enhancements in § 924(e) and § 4B1.4.

Even though defendant avoids adverse statutory and guideline treatment, he is an "armed career criminal" in every sense of the phrase. He has endangered the public as

3

well as those around him. Previous prison sentences have proven inadequate and failed to deter defendant from living a life of crime and violence. A sentence of 120 months of imprisonment would be sufficient but not greater than necessary to accomplish the goals of sentencing as to Defendant.

## SENTENCING RECOMMENDATION

The Sentencing Guidelines call for a sentence between 110 months and 137 months, to be followed not more than three years of supervised release. The sentencing factors support a guideline sentence of 120 months to be followed by two years of supervised release.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:    /s/Judson C. MacCallum
JUDSON C. MACCALLUM
Assistant United States Attorney
WV State Bar No. 11632
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Judson.maccallum@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 25th day of September, 2025, to:

> Lex A. Coleman, Esq.
> Assistant Federal Public Defender
> 300 Virginia Street, E., Room 3400
> Charleston, WV 25301
> lex_coleman@fd.org

> /s/Judson C. MacCallum
> JUDSON C. MACCALLUM
> Assistant United States Attorney
> WV State Bar No. 11632
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> E-mail: Judson.maccallum@usdoj.gov